### ELLERO v. DE MACCHI.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

CONTRACTS (§ 350*)—ACTION FOR BREACH—SUFFICIENCY OF EVIDENCE.

A judgment for plaintiff in an action to recover the difference between his expenditures and his receipts in the conduct of a business alleged to have been conducted at the request and on the personal responsibility of defendant *held* to be against the weight of the evidence.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 93, 1819–1823; Dec. Dig. § 350.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by John Ellero against Clementino De Macchi. From a judgment for plaintiff, after trial by a judge without a jury, defendant appeals. Reversed, and new trial granted.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Edward A. Isaacs, of New York Atty., for appellant.

Fromme Bros., of New York City (Theodore F. Kuper, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff respondent has recovered the amount of the difference between his expenditures and his receipts in the conduct of a business which he alleges he conducted at the request and on the personal responsibility of defendant. Defendant's claim is that the business was undertaken on behalf of a corporation of which defendant was the president, and that plaintiff was well advised to that effect.

The plaintiff's testimony is discursive to an abnormal degree, and his evidence of the extent and amount of the disbursements and receipts is too vague and general to sustain a judgment. Moreover, on an examination of the entire record and of the exhibits, I cannot escape the conclusion that a judgment implying defendant's personal responsibility, rather than that of the corporation, is against the weight of the evidence.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.